IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMSON MOSES BILLIOT, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:20-CV-118-O |
| § | |
| BOBBY LUMPKIN, Director,[1] § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Samson Moses Billiot, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In October 2016 Petitioner was indicted in Tarrant County, Texas, Case No. 1474072D, on one count of arson with intent to damage or destroy a habitation. SHR01[2] 6, ECF No. 15-39. The indictment also included a deadly-weapon-finding notice and a habitual-offender notice. On April 21, 2017, a jury found Petitioner guilty of the offense, made an affirmative deadly-weapon finding, and assessed his punishment at 40 years' confinement. *Id.* at 8. Petitioner conviction was affirmed

---

[1] Bobby Lumpkin has replaced Lorie Davis as director of the Correctional Institutions Division of the Texas Department of Criminal Justice and is automatically substituted as the party of record. FED. R. CIV. P. 25(d).

[2] "SHR01" and "SHR03" refer to the records of Petitioner's state habeas proceedings in WR-89,891-01 and WR-89,891-03, respectively.

on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. Electronic R., ECF No. 15-12. Petitioner also filed two state habeas-corpus applications challenging his conviction. The first was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court and the second was dismissed as a subsequent application. SHR01 Action Taken, ECF No. 15-24; SHR03 Action Taken, ECF No. 15-37. This federal petition for habeas-corpus relief followed.

The Second District Court of Appeals of Texas summarized the factual background of the case as follows:

> On August 11, 2016, [Petitioner] was caught on a security camera setting the front wall of his mother-in-law's house on fire. [The video showed [Petitioner] walking from behind the house to the front and apparently splashing something from a bottle along the front wall while walking back and forth. [Petitioner] then flicked his hand at the wall and ran away shortly before flames began to flicker at the base of the wall.] A woman who had been inside the house attempted to extinguish the fire with a water hose but had to call the fire department, which eventually put the fire out. Fire investigators found a lighter-fluid bottle near where the fire had been set. Billiot later told the investigators that he used lighter fluid he found at the house and his own cigarette lighter to ignite the fire. Debris collected from the front of the house tested negative for ignitable liquids. This absence of ignitable liquids could have been "due to several factors, including destruction by the inherent nature of fire, evaporation prior to collection and analysis, fire suppression activities, improper packaging of sample, or lack of use of ignitable liquids." Even so, a fire investigator opined that a flammable liquid was used to start the fire. Billiot was indicted with arson of a habitation "by igniting a flammable or combustible material or liquid with an open flame or other ignition source."
>
> After a jury was selected and sworn, the trial court, outside the presence of the jury, addressed three motions [Petitioner] had filed pro se. [Petitioner]'s counsel pointed out that the relief [Petitioner] requested in his pro se motion to suppress—redaction of "extraneous things" from his custodial statement—had been agreed to by the State, but averred that [Petitioner]'s remaining two motions were meritless. [[Petitioner] filed a motion to quash the indictment two months before his trial and hand-delivered a motion to suppress the security-camera video and a motion to suppress his custodial statement the day after the jury was impaneled. The hand-delivered motions were neither filed nor ruled on; however, the trial court

2

>denied the motion to quash the indictment.] The trial court informed [Petitioner] that he was not entitled to file motions on his own behalf unless he wanted to represent himself pro se. [Petitioner] stated he wanted to represent himself if his counsel did not "adopt" his pro se motions and attempted to argue the merits of his motion to suppress his custodial statement. After the trial court questioned him on his education and facility with the rules of evidence, the trial court then "strongly, strongly urge[d]" [Petitioner] to "follow [his counsel's] advice, because at this point I am not convinced that you are knowledgeable enough of the law to have you represent yourself." [Petitioner] then requested "another attorney," which the trial court denied. After the jury returned and the trial court asked [Petitioner] for his plea to the indicted offense, [Petitioner] stated, "The plea is I'm not getting proper representation, so go [expletive] yourself." After ushering the jury out, the trial court asked [Petitioner] if he did "not wish to participate." [Petitioner] affirmed that he would not enter a plea because he was "not getting proper representation." The trial court entered a not guilty plea on his behalf.

Mem. Op. 2-4, ECF No. 15-3 (footnotes omitted).

## II. ISSUES

Petitioner raises four grounds for relief:

(1) his "right to cut off questioning" was violated;

(2) his right to counsel was violated;

(3) he received ineffective assistance of counsel; and

(4) the trial court abused its discretion by denying his pro se motions and by not allowing him to represent himself.

Pet. 6-7a, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent does not believe that the petition is untimely, subject to the successive-petition bar, or unexhausted. Resp't's Ans. 6, ECF No. 13.

## IV. DISCUSSION

### A. Legal Standard for Granting Habeas-Corpus Relief

3

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act. 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Additionally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last reasoned state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. Wilson v. Sellers, --- U.S. ---, 138 S. Ct. 1188, 1191-92 (2018).

**B. Custodial Interrogation**

Under his first and second grounds, Petitioner claims that, in violation of his Fifth and Sixth Amendment rights, his oral statement to police, which was used against him at trial, was the product of unlawful re-interrogation by arson investigators on August 16, 2016." Pet. 6, ECF No. 3. Petitioner asserts that

> [he] was arrested on the morning of August 15, 2016, [on outstanding warrants] and taken to an interview room of the Fort Worth Police Department where he was asked about his recent whereabouts, the type of car he drove, and whether or not he owned a gun. [He] asked to be given an attorney and he was immediately taken before a Magistrate Judge where he was officially arraigned on multiple counts of Deadly Conduct and an Assault charge. After asking the Magistrate to appoint him an attorney [he] was made to sign a document entitled: 'Election of Counsel'. On the morning of August 16, 2016, [his] Fifth Amendment right to cut off questioning and his Sixth Amendment right to counsel were infringed upon when Arson Investigators took it upon themselves to violate the rules of interrogation by re-questioning [him] without benefit of previously requested counsel. This is the origin of the oral statement that was unlawfully recorded and used as primary evidence against [him] at trial.

Pet'r's Mem. 2-5, ECF No. 4.

According to Petitioner, "his right to counsel was invoked at arraignment, when the adversarial process became official and he signed [the] 'Election of Counsel' on the morning of August 15, 2016." Pet'r's Mem. 5-6, ECF No. 4. In support, he provided a copy of the "Election of Counsel" form, in which he initialed the section entitled, "ARE YOU ENTITLED TO COURT-APPOINTED LAWYER??," that:

> \_\_\_\_\_ **YES, I DO BELIEVE THAT I AM ENTITLED TO AN APPOINTED LAWYER.** I have been advised by the Magistrate of my right to request a determination of indigency to Determine if I qualify for a court-appointed lawyer. I certify that I am without means to employ a lawyer of my own choosing and I now request the court to select and appoint a lawyer for me. I understand that I may be required to repay Tarrant County for a court-appointed lawyer at a later time, under such terms as a court may determine based on my future financial status.

SHR01 42, ECF No. 15-33 (emphasis in original).

5

The state habeas court adopted the following relevant factual findings on the issue:

*Fifth Amendment*

> . . .

7. [Petitioner]'s counsel concluded that [Petitioner]'s confession was not unlawfully obtained.

8. [Petitioner] was arrested by the Fort Worth Police Department for several other offenses on August 15, 2016.

9. [Petitioner]'s election of counsel on August 15, 2016, is not evidence that [Petitioner] invoked his Fifth Amendment right to counsel.

10. [Petitioner] presents no credible evidence to support his claim that he invoked his Fifth Amendment right to counsel on August 15, 2016.

11. On August 16, 2016, [Petitioner] was given his *Miranda Warning* and waived his right to have an attorney present during the interview.

12. [Petitioner]'s August 16, 2016 interview was recorded.

13. [Petitioner] testified at trial as follows:

    > "I was accused of multiple offenses, and I guess when I got arrested, they took me to Mansfield Jail and the investigators that testified came in to question me and it was -- you know, my misunderstanding as a person that's not used to being locked up, *I was trying to gain leniency from these investigators.*"

14. There is no evidence that [Petitioner] unequivocally invoked his Fifth Amendment right to counsel on August 15, 2016.

*Sixth Amendment – Right to Counsel*

> . . .

18. [Petitioner] was arrested by the Fort Worth Police Department for several other offenses on August 15, 2016.

19. [Petitioner]'s election of counsel on August 15, 2016, is not evidence that

> [Petitioner] invoked his Sixth Amendment right to counsel as to this offense.
>
> 20. [Petitioner] presents no credible evidence to support his claim that he invoked his Sixth Amendment right to counsel on August 15, 2016 as to this case.
>
> 21. There is no evidence that [Petitioner] invoked his Sixth Amendment right to counsel on August 15, 2016 as to this case.
>
> 22. On August 16, 2016, [Petitioner] was given his *Miranda Warning* and waived his right to have an attorney present during the interview.
>
>     . . .
>
> 25. There is no evidence that [Petitioner] invoked his Sixth Amendment right to counsel in this case before, or during, his August 16, 2016 interview.

*Id.* at 120-22 (emphasis in original) (record citations omitted).

Based on its findings, which were adopted by the Texas Court of Criminal Appeals, and applying state law, the state court made the following legal conclusions:

*Fifth Amendment*

> 3. "The Fifth Amendment right to counsel is invoked 'only when the suspect ha[s] expressed his wish for the particular sort of lawyerly assistance that is the subject of *Miranda*. [quotation omitted] 'It requires, at a minimum, some statement that can reasonably be construed to be expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police.'"
>
> 4. [Petitioner] has failed to prove that he expressed a desire for the assistance of an attorney in dealing with custodial interrogation by the police.
>
> 5. [Petitioner] has failed to prove that he was denied his Fifth Amendment rights.
>
>     . . .

*Sixth Amendment*

> 7. "The Sixth Amendment right to counsel is offense specific."

7

>   8. [Petitioner] has failed to prove that he invoked his Sixth Amendment right as to this case.
>
>   9. [Petitioner] has failed to prove that he was denied his Sixth Amendment right to counsel.

*Id.* at 125-26 (citations omitted).

Petitioner has failed to present clear and convincing evidence to rebut the state courts' factual findings; thus, deferring to those findings, the state court's determination comports with federal law and is not objectively unreasonable. An accused has a right under the Fifth Amendment to have counsel present during a custodial interrogation. *Edwards v. Arizona,* 451 U.S. 477, 482 (1981); *Miranda v. Arizona,* 384 U.S. 436, 474 (1966). In *Edwards,* the Supreme Court held that an accused, "having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards,* 451 U.S. at 484-85. The Supreme Court later extended this rule to reinterrogation of a suspect even where the subsequent interrogation involves a matter unrelated to defendant's arrest. *Id.*; *Arizona v. Roberson,* 486 U.S. 675, 682 (1988). However, invocation of the right to counsel must be unequivocal and unambiguous. *Davis v. United States,* 512 U.S. 452, 459 (1994). The "Election of Counsel" was neither an unequivocal request for counsel under the Fifth Amendment nor did it occur during police interrogation. Petitioner's request for counsel at arraignment or similar proceeding does not give rise to a presumption that any subsequent waiver by him to police-initiated interrogation is invalid. *Montejo v. Louisiana,* 556 U.S. 778, 789-90 (2009) (providing "[w]hat matters for *Miranda* and *Edwards* is what happens when the defendant is approached for interrogation, and (if he consents) what happens during the interrogation—not what happended at

8

any preliminary hearing"). Nothing in the record indicates that Petitioner made a clear assertion of the right to counsel when approached for or during interrogation or that his express waiver of his *Miranda* rights was otherwise invalid. SHR01 149, ECF No. 15-33.

On the other hand, the Sixth Amendment right to counsel is offense specific and attaches when a prosecution is commenced, that is, "'at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *United States v. Gouveia,* 467 U.S. 180, 188 (1984) (quoting *Kirby v. Illinois,* 406 U.S. 682, 689 (1972)). Because Petitioner provided the oral statement at issue here before his Sixth Amendment right to counsel with respect to the arson offense had been (or even could have been) invoked, that right poses no bar to the admission of the statement in this case.

### C. Ineffective Assistance of Counsel

Under his third ground, Petitioner claims that he received ineffective assistance of counsel because (1) trial counsel aided the prosecution by refusing to adopt his pro se "Motion to Suppress Statement" and "Motion to Quash Indictment" and (2) appellate counsel failed to pursue a meaningful appeal. Pet. 7, ECF No. 3.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). *See also Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel under this standard, a petitioner must show (1) that

9

counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Id.* at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial or appellate strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. Where, as here, the state courts adjudicated the ineffective-assistance claims on the merits, this court must review petitioner's claim under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter,* 562 U.S. at 101, 105.

Trial counsel, Bryan Salvant, submitted an affidavit in the state habeas proceedings, in which he avers that Petitioner's confession was not unlawfully obtained and Petitioner's motion to quash was frivolous. SHR01 73, ECF No. 15-33. Based on counsel's affidavit and the documentary record, the state habeas court adopted the following relevant factual findings on the issue:

29. Mr. Salvant did not adopt [Petitioner]'s motion to quash the indictment because he concluded the motion was without merit.

30. Mr. Salvant did not file [Petitioner]'s motion to suppress the statement because Mr. Salvant concluded the motion was without merit.

31. [Petitioner] does not include his motion to suppress in this proceeding.

32. [Petitioner]'s motion to suppress was not filed in the trial proceeding.

33. [Petitioner] presents no credible evidence, or legal authority, to support his

        claim that his confession was unlawfully obtained.

        . . .

44.     Mr. Salvant's affidavit is credible and supported by the record.

45.     There is no credible evidence that counsel's representation fell below an objective standard of reasonableness.

46.     There is no credible evidence that a reasonable likelihood exists that the outcome of the proceeding would have been different but for the alleged misconduct.

*Id.* at 122-24 (record citations omitted).

Based on its findings, which were adopted by the Texas Court of Criminal Appeals, and applying the *Strickland* standard, the state court made the following legal conclusions:

22.     Counsel's decisions as to what motions to file and adopt was the result of reasonable trial strategy.

23.     Counsel's decision to not attack [Petitioner]'s confession was the result of reasonable trial strategy.

        . . .

28.     [Petitioner] has failed to prove that trial counsel's representation fell below an objective standard of reasonableness.

        . . .

32.     [Petitioner] has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel filed more motions.

33.     [Petitioner] has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel adopted [Petitioner]'s motions.

34.     [Petitioner] has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel objected differently.

>    35.   [Petitioner] has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel objected to the use of [Petitioner]'s confession.
>
>    . . .
>
>    38.   [Petitioner] has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the outcome of the proceeding would have been different.
>
>    39.   [Petitioner] has failed to prove that he received ineffective assistance of trial counsel.

*Id.* at 126-29 (citations omitted).

Petitioner has failed to present clear and convincing evidence to rebut the state courts' factual findings: thus, deferring to those findings, the state court's adjudication of the claims was not an unreasonable application of *Strickland.* Petitioner's claims involve strategic and tactical decisions made by counsel and/or would have required counsel to make frivolous objections or motions, both of which generally do not entitle a state petitioner to federal habeas relief. *See, e.g., Strickland,* 460 U.S. at 689 (holding strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for postconviction relief on the grounds of ineffective assistance of counsel); *Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections); *United States v. Kilmer,* 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"). Because Petitioner's motions would have been without merit, counsel was not deficient for refusing to adopt them.

Petitioner also claims that his appellate counsel was ineffective because she "failed to pursue

a meaning appeal," however he fails to further develop the claim in his federal petition and he struck through the claim in his state habeas application. Pet. 7, ECF No. 3; SHR01 26-27, ECF no. 15-33. Nevertheless, the state habeas court addressed his claims that appellate counsel was ineffective by (1) failing to raise his ineffective-assistance-of-trial-counsel claims and to "make it known that no evidence of a combustible liquid or accelerate" existed.

The state habeas court adopted the following relevant factual findings on the issue:

49. [Petitioner] alleges that appellate counsel should have raised an ineffective assistance of counsel claim on direct appeal.

50. [Petitioner] presents no evidence, or authority, to support his claim that the record was sufficient on direct appeal to litigate whether trial counsel was ineffective.

51. [Petitioner] presents no evidence that his pro se motions were made part of the record so that counsel could have demonstrated on appeal they "would have voided any trial."

52. Appellate counsel properly attacked, on appeal, the sufficiency of the evidence as to the allegation that [Petitioner] used a combustible liquid to ignite the fire.

53. Because there is evidence in the record that appellate counsel's decisions were on reasonable appellate strategy, no affidavit from appellate counsel is needed.

54. There is no credible evidence that appellate counsel's representation fell below an objective standard of reasonableness.

55. There is no credible evidence that a reasonable likelihood exists that the outcome of the appellate proceeding would have been different but for the alleged misconduct.

SHR01 124-25 (record citations omitted).

Based on its findings, which were adopted by the Texas Court of Criminal Appeals, and applying the *Strickland* standard, the state court made the following legal conclusions:

13

42. "To show that appellate counsel was constitutionally ineffective for failing to assert a particular point of error on appeal, an applicant must prove that (1) 'counsel's decision not to raise a particular point of error was objectively unreasonable,' and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, he would have prevailed on appeal. An attorney 'need not advance every argument, regardless of merit, urged by the appellant.' However, if appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective for failing to raise it.'["]

. . .

46. An attorney is under an ethical obligation not to raise frivolous issues on appeal.

47. An attorney is prohibited from raising claims on appeal that are not founded in the record.

48. "[T]he record on direct appeal will generally 'not be sufficient to show that counsel's representation was so deficient as to meet the first part of the Strickland standard' as '[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record.' Thus an application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims."

49. [Petitioner] has failed to prove that the record was sufficient to raise an ineffective assistance of trial counsel issue on direct appeal.

50. [Petitioner] has failed to prove that appellate counsel should have raised an ineffective assistance of trial counsel claim on direct appeal.

51. [Petitioner] has failed to prove that the record was sufficient to raise an attack about [Petitioner]'s unfiled pro se motions.

52. [Petitioner] has failed to prove that appellate counsel should have raised an issue about his unfiled pro se motions.

53. Appellate counsel properly attacked the sufficiency of the evidence regarding the combustible liquid.

54. [Petitioner] has failed to prove that his appellate counsel's representation fell below an objective standard of reasonableness.

. . .

57. [Petitioner] has failed to prove that a reasonable likelihood exists that the outcome of the proceeding would have been different had appellate counsel alleged ineffective assistance of trial counsel on appeal.

58. [Petitioner] has failed to prove that a reasonable likelihood exists that the outcome of the proceeding would have been different had appellate counsel alleged, on appeal, that the trial court erred in denying his pro se motions.

59. [Petitioner] has failed to prove that a reasonable likelihood exists that the outcome of the proceeding would have been different had appellate counsel raised more issues on appeal.

60. [Petitioner] has failed to show that there is a reasonable likelihood that, but for the alleged acts of misconduct, the result of the appellate proceeding would have been different.

61. [Petitioner] has failed to prove that he received ineffective assistance of appellate counsel.

*Id.* at 129-30 (citations omitted).

Petitioner has failed to present clear and convincing evidence to rebut the state courts' factual findings: thus, deferring to those findings, the state court's adjudication of the claims was not an unreasonable application of *Strickland.* Appellate counsel is not required to raise every conceivable argument urged by his or her client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues, according to his or her judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983). Petitioner presents no potentially meritorious issues that appellate counsel could or should have included in his appellate brief. As a matter of state law, ineffective-assistance-of-trial-counsel claims are generally to be presented in habeas-corpus proceedings, where the record can be properly developed. *See Trevino v. Thaler,* 569, U.S. 413, 424 (2013) (quoting *Ex parte Torres,* 943 S.W.2d

15

469, 475 (Tex. Crim. App. 1997)); *Roberts v. State,* 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Appellate counsel is not ineffective for failing to assert meritless claims or arguments. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). Petitioner's claim that appellate counsel was ineffective by failing to challenge the sufficiency of the evidence as to whether Petitioner used a flammable or combustible material or liquid is refuted by the record. Appellant's Br. 1, ECF No. 15-6; Mem. Op. 2-3, ECF No. 15-3.

### D. Trial Court Error

Under this fourth ground, Petitioner claims that the trial judge abused his discretion by arbitrarily denying his pro se motions and refusing to allow him to represent himself. Pet. 7, ECF No. 3. The first claim was raised for the first time by Petitioner in the state habeas proceedings, and the state habeas court determined that the record-based claim was waived because Petitioner did not raise the claim on appeal. SHR01 124, ECF No. 15-33. The Fifth Circuit Court of Appeals has found that the *Gardner* rule, under which record-based claims not raised on direct appeal will not be considered in habeas proceedings, is an adequate state ground capable of barring federal habeas review. *Dorsey v. Quarterman,* 494 F.3d 527, 532 (5th Cir.2007) (citing *Ex parte Gardner,* 959 S.W.2d 189, 191 (Tex. Crim. App. 1996, *clarified on reh'g* Feb. 4, 1998)). While Petitioner may overcome a procedural default by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider the claim, he has not met that burden. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

The second claim was raised on direct appeal and the state appellate court determined that the trial court did not err by not allowing Petitioner to represent himself because he "first raised his right to represent himself after the jury was empaneled and sworn, and even then was equivocal

16

about his desire to do so." Mem. Op. 1-2, ECF No. 15-3. A criminal defendant has a constitutional right to proceed without defense counsel-to represent himself-if he knowingly and intelligently elects to do so. *Faretta v. California,* 422 U.S. 806, 807 (1975). However, the Supreme Court has made clear that "the right of self-representation is not absolute" and has noted with approval that "most courts require [a defendant to elect self-representation] in a timely manner." *Indiana v. Edwards,* 554 U.S. 164, 171 (2008); *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.,* 528 U.S. 152, 161-62 (2000) (footnote omitted). Nevertheless, because no decision of the Supreme Court obligates state courts to permit self-representation when the defendant fails to invoke the right in a timely manner, the state court's decision is neither contrary to, nor an unreasonable application of, federal law. *See Moses v. Davis,* 673 Fed. App'x 364, 368-69 (5th Cir. Dec. 7, 2016). The state court's decision could also be supported on the grounds that the request for self-representation was not made "clearly and unequivocally" as was done in *Faretta* and other cases that have addressed the issue.

## V.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of August, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**